[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On April 6, 2001, defendant-appellant Nequia Barber was convicted of aiding escape or resistance to authority in violation of R.C. 2921.35(A). Following the entry of a guilty plea, the trial court sentenced Barber to two years of community control and thirty days' incarceration at the Hamilton County Justice Center, with credit for thirty days served. Appellate counsel was appointed for Barber, who now appeals her conviction.
After thoroughly reviewing the record and the applicable law, and after communicating with Barber regarding potential errors, Barber's appointed appellate counsel, pursuant to Anders v. California,[1] states in her brief that she has found no errors in the proceedings below and has filed a motion to withdraw as counsel.
Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Barber's conviction. Form the plea and sentencing transcript, it is clear that Barber understood the import and consequences of her guilty plea, as required by Crim.R. 11. Accordingly, after a thorough review of the record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Barber because it is evident from the record that she is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.